UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 91-75385

PETER G. GRACIAN a/k/a LAMBERT,    HONORABLE AVERN COHN

    Defendant

and

FIRST TRUST CREDIT UNION,

    Garnishee Defendant.

_____/

**ORDER ON DEFENDANT'S OBJECTION TO GARNISHMENT
AND
QUASHING GARNISHMENT AS TO FIRST TRUST CREDIT UNION**

This is an action brought by the government to collect on a debt. On January 17, 1992, a judgment was entered in favor of the government and against defendant in the amount of $1500.00. The government then began collection proceedings, including garnishment. To date, the judgment, including interest, totals approximately $4000.00

On July 17, 2008, a writ of garnishment was served on First Trust Credit Union as a garnishee defendant.

Before the Court is defendant's objection to garnishment. Defendant says that the account at First Trust Credit Union is exempt from garnishment because all of the account funds are Social Security and VA disability benefits payable to his wife. The government concedes that if defendant is correct, the account would be exempt from

garnishment; however, defendant had not provided proof of the claimed exemption.

The Court held a hearing on the matter on September 3, 2008. Defendant appeared by telephone and stated that the funds in the account were his wife's and that he has been unemployed for several years with no source of income. The Court directed defendant to appear in person and bring relevant books and records supporting his contention that the account funds are strictly benefits payable to his wife and exempt from garnishment.

The parties appeared before the Court on October 1, 2008. At the hearing, the government pointed out that bank statements show the account contained deposits from a joint credit card account defendant holds with his wife. Therefore, the government argued that the account contained funds subject to garnishment. Defendant, however, stated, under oath, that the deposits in question were made by his wife. He further explained that he is a co-signer on the account and his name is on the credit cards because his wife's health condition sometimes requires him to write checks from the account or use credit cards. Finally, defendant again stated that he has been unemployed and has had no source of income for several years.

The garnishment is QUASHED. There is no evidence that the funds in the account are traceable as defendant's funds. Rather, they are defendant's wife's funds which are exempt from garnishment.

SO ORDERED.

Dated: October 2, 2008         s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Peter Gracian, aka Lambert, 1205 W. 10th Street, #210, LaPorte, IN 46350 on this date, October 2, 2008, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5160